IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| BOBBY PEREZ | § | |
| VS. | § | CIVIL ACTION NO. 9:19cv172 |
| BRAD LIVINGSTON, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Bobby Perez, an inmate confined at the Hughes Unit of Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this lawsuit pursuant to 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("RA") against several individuals, the Texas Department of Criminal Justice ("TDCJ") and the University of Texas, Medical Branch ("UTMB").[1]  This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is an amended motion to dismiss filed by the defendants.

Factual Allegations

Plaintiff suffers from Hepatitis-C.  He alleges the defendants have been deliberately indifferent to his serious medical needs.  Plaintiff states the defendants have refused to provide him with direct acting antiviral ("DAA") medication which he contends will cure the disease.  He asserts that in October 2013, DAA medication was described by the Food and Drug Administration as a "break through" treatment.  Plaintiff states that in October 2014, more advanced DAA medications were approved and that more effective drugs were subsequently approved.

Plaintiff states he began asking the defendants for DAA medication late in 2013 and requested it many times thereafter.  Plaintiff states he has not been provided with DAA medication

---

[1] It is not clear whether plaintiff sues the individual defendants in their individual capacities, their official capacities, or both.  As plaintiff is proceeding *pro se*, his pleadings will be treated as if he is proceeding against the defendants in both their official and individual capacities.

because under the applicable policy only prisoners with an AST/Platelet Ratio ("APRI") score lower than .5 are considered for treatment, including DAA treatment. He asserts that the policy allows for individualized assessment of a patient whose APRI score is too high but who otherwise qualifies for treatment. Plaintiff has been told his APRI score was .287. He states that according to a CT scan of his liver performed days after, he was told his APRI score revealed he has a mildly cirrhotic liver. The scan also revealed he suffers from kidney disease and osteoporosis, which he states are complications of cirrhosis. Plaintiff states that under the clearly established community standard of care, all patients with Hepatitis-C should be treated with DAA medication regardless of their APRI score.

## Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint that fails to state a claim upon which relief may be granted. A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Plaintiffs must state enough facts to "nudge their claims across the line from conceivable to plausible." *Id*. In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id*.

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the subject-matter jurisdiction of a federal court to hear a claim. A motion to dismiss under Rule 12(b)(1) is properly granted "when the court lacks the statutory or constitutional power to adjudicate the case." *Homebuilders Association of Mississippi, Inc. v. City of Madison, Mississippi*, 143 F.3 1006, 1010

(5th Cir. 1998) (citation omitted). The party asserting jurisdiction bears the burden of proving that subject-matter jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

<u>Analysis</u>

*Claims under Section 1983*

A. <u>Claims Against the Defendants in Their Individual Capacities</u>

To the extent they are sued in they are sued in their individual capacities, the individual defendants assert the defense of qualified immunity. The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Evaluating qualified immunity is a two-step process, with the plaintiff bearing the burden of showing that a defendant is not entitled to immunity. *Wyatt v. Fletcher*, 718 F.3d 496, 502 (5th Cir. 2013). The first step is to determine whether a defendant's alleged conduct has violated a federal right. The second step is to determine whether the right in question was clearly established at the time of the alleged violation such that the defendant was on notice of the unlawfulness of his or her conduct. *Tolan v. Cotton*, 572 U.S. 650, 655-56 (2014) (*per curiam*). A defendant is entitled to qualified immunity if there is no violation or if the conduct did not violate clearly established law at the time. *Id*.

When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the defense is not valid. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (*en banc*). In the context of a motion to dismiss for failure to state a claim, the plaintiff's burden is discharged if "the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (quoting *Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 994 (5th Cir. 1995)).

B. <u>Deliberate Indifference to Serious Medical Needs</u>

Plaintiff asserts the defendants were deliberately indifferent to his serious medical needs. To establish a violation of the Eighth Amendment to the Constitution based on the denial of medical care, a prisoner must allege a defendant was deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97. 103-04 (1976). A defendant is deliberately indifferent to serious medical needs only if he knows an inmate faces a substantial risk of serious harm and disregards the risk by failing to take reasonable measured to abate it. *Farmer v. Brennan*, 511 U.S. at 825, 847 (1994); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). Negligence or neglect does not rise to the level of a constitutional violation. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). In *Domino v. Texas Department of Criminal Justice*, the United States Court of Appeals for the Fifth Circuit described the deliberate indifference standard as follows:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a clam for deliberate indifference. Rather, the plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in similar conduct that would clearly evince a wanton disregard for any serious medical needs.

239 F.3d 752, 756 (5th Cir. 2001).

C. <u>Application</u>

The obligation of a prison official to not be deliberately indifferent to a prisoner's serious medical needs was clearly established at the time of the incidents which form the basis of this lawsuit. However, plaintiff has failed to carry his burden to overcome the defense of qualified immunity because his allegations fail to demonstrate the defendants violated his constitutional rights.

Plaintiff contends that through adopting policies and refusing to provide him with DAA medication, the defendants were deliberately indifferent. However, medical decisions, including whether or not to prescribe DAA medication, do not support a claim of deliberate indifference. *VanWagner v. Faulks*, 2022 WL 820075, at *2 (5th Cir. Mar. 18, 2022) (no deliberate indifference where DAA medication was not provided based on periodic testing to determine the progression of

4

liver disease);  *Hendrix v. Aschberger*, 689 F. App'x 250, 250 (5th Cir. 2017) (failure to provide requested Hepaticis-C medication constitute a disagreement with medical treatment rather than deliberate indifference).

Plaintiff's allegations show that his condition is not being ignored and the progression of his disease is being monitored.  Plaintiff believes he should be receiving DAA treatment now.  The defendants disagree.  As plaintiff's condition is being monitored, his complaint challenges the medical judgment of the defendants.  The determination as to when DAA medications should be given has been described as a "quintessential" matter of medical judgment.  *VanWagner*, 2022 WL 820775, *2.  As a result, plaintiff, like the plaintiff in *VanWagner*, has failed to state claim for deliberate indifference.  The defendants are therefore entitled to qualified immunity with respect to the claims asserted pursuant to Section 1983.

    D.  <u>Eleventh Amendment Immunity</u>

The individual defendants assert that to the extent they are sued under Section 1983 for money damages in their official capacities, they are entitled to immunity under the Eleventh Amendment to the Constitution.  TDCJ and UTMB also claim immunity under the Eleventh Amendment.

"The Eleventh Amendment prohibits a private citizen from bringing suit against a state in federal court unless the state consents."  *Daigle v. Gulf States Utilities Company*, *Local Union Number 2286,* 794 F.2d 974, 980 (5th Cir. 1986).  Eleventh Amendment immunity extends to suits for monetary damages against a state official in his or her official capacity. *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 609 (2001).  Federal claims against state officials in their official capacities are the equivalent of suits against the state.  *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996).

Based on the authorities cited above, the individual defendants, TDCJ and UTMB are entitled to immunity under the Eleventh Amendment for any claim against them under Section 1983

in their official capacities for money damages. The court therefore lacks subject-matter jurisdiction over any official capacity claim for money damages.

*Claims under the ADA and RA*

A. <u>Claims Against the Defendants in Their Individual Capacities</u>

Plaintiff may not bring a claim under the ADA or the RA against the individual defendants in their official individual capacities. *Smith v. Hood*, 900 F.3d 180, 184 n.6 (5th Cir. 2018) (ADA); *Lollar v. Baxter*, 196 F.3d 603, 606 (5th Cir. 1999) (RA). Only the public entity is amendable to suit. *Nottingham v. Richardson*, 499 F. App'x 368, 376 n.6 (5th Cir. 2012). Accordingly, plaintiff's ADA and RA claims against the defendants in their individual capacities fail to state a claim upon which relief may be granted.

B. <u>Claims Against the Defendants in Their Official Capacites</u>

An individual may be sued in his official capacity under Title II of the ADA and Section 504 of the RA. To state a claim, a plaintiff must allege: (1) he has a qualifying disability; (2) he is being denied the benefit of services, programs, or activities for which a public entity is responsible or is otherwise discriminated against by the public entity and (3) that the discrimination is by reason of his disability. *Hale v. King*, 642 F.2d 492, 499 (5th Cir. 2011) (ADA); *Francis v. Our Lady of the Lake Hospital, Inc.*, 8 F.4th 370, 378 (5th Cir. 2021) (RA). To have a qualifying disability, a plaintiff must demonstrate: (1) a physical or mental impairment that substantially limits one or more of his major life activities; (2) a record of such an impairment and (3) that he is regarded of having such an impairment. *Id*. at 499-500.

Plaintiff asserts that by failing to provide him with DAA medications, the defendants violated the ADA and the RA. However, the ADA is not violated by a prison's failure to provide for medical needs. *Nottingham v. Richardson*, 499 F. App'x 368, 377 (5th Cir. 2012). The ADA does not set out a standard of care for medical treatment. *Walls v. Texas Dep't of Criminal Justice*, 212 F. App'x 358, 359 (5th Cir. 2008). Further, purely medical decisions do not ordinarily fall within the scope of the RA. *Fitzgerald v. Corrections Corporation of America*, 403 F.3d 1134, 1144

6

(10th Cir. 2005). As a result, plaintiff's claims under the ADA and the RA fail to state a claim upon which relief may be granted.

## Recommendation

The motion to dismiss filed by the defendants (doc. no. 40) should be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 6th day of February, 2023.

_____
Zack Hawthorn
United States Magistrate Judge