| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

BOBBY PEREZ, §
　　　　　　　　　　　　　　§
　　　　Plaintiff, §
　　　　　　　　　　　　　　§
*versus* §　　CIVIL ACTION NO. 9:19-CV-172
　　　　　　　　　　　　　　§
BRAD LIVINGSON, *et al*., §
　　　　　　　　　　　　　　§
　　　　Defendants. §

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Bobby Perez, proceeding *pro se*, filed the above-styled civil rights lawsuit against several defendants. The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636 and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that an amended motion to dismiss filed by the defendants be granted.

The court has received the Report and Recommendation, along with the record, pleadings, and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Plaintiff suffers from Hepatitis C and complains that the defendants have no provided him with direct acting antiviral ("DAA") medication. He contends that treatment with DAA medication will cure his disease, but that the defendants refuse to provide the treatment because his AST/Platelet Ratio ("APRI") score is too low. The magistrate judge concluded plaintiff's allegations failed to establish deliberate indifference to serious medical needs because, as the defendants were monitoring plaintiff's condition and testing him periodically, the defendants were not ignoring his complaint or his possible need for treatment.

In his objections, plaintiff states that while some tests indicate his liver is healthy, other tests show he has mild cirrhosis of the liver.[1] He asserts the defendants are wrong to rely solely on his APRI score and that treating people suffering from Hepatitis C with DAA medication is now the community standard of care. Plaintiff contends the defendants should not just rely on test scores but should also perform a liver biopsy.

A defendant acts with deliberate indifference only if he knows an inmate faces a substantial risk of serious bodily harm and disregards the risk by failing to take reasonable measure to abate it. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). A showing of deliberate indifference requires a plaintiff to show a defendant refused to treat him, ignored his complaints, intentionally treated him incorrectly or engaged in similar conduct. *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). The determination as to whether additional treatment should be given is a "classic example of a matter for medical judgment," and is not a basis for a finding of deliberate indifference. *Id*.

Plaintiff's allegations do not show his complaints were ignored or that he was intentionally treated incorrectly. Instead, his allegations demonstrate he is not receiving what he considers to be proper and appropriate treatment.[2] As this type of disagreement is insufficient to show deliberate indifference, plaintiff has failed to state a claim upon which relief may be granted.[3]

### ORDER

Accordingly, the objections filed by plaintiff in this matter (#48) are **OVERRULED**. The findings of fact and conclusions of law set forth in the report of the magistrate judge (#45) are

---

[1] The court has considered plaintiff's objections, as well as the response he filed opposing the amended motion to dismiss.

[2] As stated above, plaintiff contends the treatment he seeks is necessary to meet the applicable standard of care. However, the deliberate indifference standard "exists wholly independent of an optimal standard of care." *Gobert v. Caldwell*, 463 F.3d 287, 301 (5th Cir. 2006).

[3] In his Report, the magistrate judge stated that it was unclear whether the defendants were being sued in their individual capacities, their official capacities or both. The magistrate judge analyzed plaintiff's claims as if the defendants were sued in both capacities. In his objections, plaintiff states he only sued the defendants in their official capacity. However, plaintiff has failed to state a claim upon which relief may be granted regardless of the capacity in which the defendants were sued.

correct, and the report of the magistrate judge is **ADOPTED**. The amended motion to dismiss (#40) is **GRANTED**. A final judgment shall be entered in accordance with the recommendation of the magistrate judge.

SIGNED at Beaumont, Texas, this 10th day of March, 2023.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE